# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Lonnie Bjornson,

     Plaintiff,

v.

Soo Line Railroad Company and
Glenwood Hospitality, Inc.,

     Defendants.

**Civil No. 14-4596 (JRT/SER)**

**<u>REPORT AND RECOMMENDATION</u>**

---

    Louis Edward Jungbauer, Christopher W. Bowman, and Kelly B. Nyquist, Esqs., Yaeger & Jungbauer Barristers PLC, 4601 Weston Woods Way, St. Paul, Minnesota 55127, for Plaintiff.

    Steven J. Erffmeyer and Kimberly L. Johnson, Esqs., Arthur, Chapman, Kettering, Smetak & Pikala, PA, 81 South 9th Street, Suite 500, Minneapolis, Minnesota 55402, for Defendant Soo Line Railroad Company.

    Tracey Holmes Donesky and Margaret M. Bauer Reyes, Esqs., Stinson Leonard Street LLP, 150 South 5th Street, Suite 2300, Minneapolis, Minnesota 55402, for Defendant Soo Line Railroad Company.

    Deborah C. Eckland and Scott R. Johnson, Esqs., Goetz & Eckland P.A., 43 Main Street Southeast, Suite 505, Minneapolis, Minnesota 55414, for Defendant Glenwood Hospitality, Inc.

---

STEVEN E. RAU, United States Magistrate Judge

    The above-captioned case comes before the undersigned on Plaintiff Lonnie Bjornson's ("Bjornson") Rule 12(f) Motion to Strike Certain Affirmative Defenses in Defendant Soo Line Railroad Company's Answer ("Motion to Strike") [Doc. No. 10]. The Honorable John R. Tunheim referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. (Order of Referral) [Doc. No. 20]. For the reasons stated below, the Court recommends granting in part and denying in part the Motion to Strike.

I.      **BACKGROUND**

On February 27, 2015, Bjornson filed an amended Complaint against Defendant Soo Line Railroad Company ("Soo Line"), alleging negligence under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, and a violation of the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20109. (Compl.) [Doc. No. 32 ¶¶ 7–23].[1] Bjornson alleges that Soo Line violated FELA by: (1) failing to provide Bjornson with a reasonably safe place to work; (2) failing to properly warn Bjornson of the dangers that confronted him; (3) failing to ensure that Soo Line's agent, Glenwood Hospitality, Inc., "inspected and maintained its motel rooms in reasonably safe condition"; and (4) "negligently delegating the duty to provide [Bjornson] with a reasonably safe motel room." (*Id.* ¶ 10). Bjornson asserts that these negligent acts caused him to suffer injuries to his back, neck, right arm, and right shoulder, as well as economic damages, pain and anguish, and the loss of enjoyment of life. (*Id.* ¶ 11).

Bjornson alleges that Soo Line violated the FRSA by reprimanding, suspending, discharging, or discriminating against him after he engaged in protected activity. (*Id.* ¶¶ 12–23). Bjornson alleges that Soo Line refused his request for a personal day to attend a doctor's appointment regarding a work-related injury and then initiated an investigation of Bjornson for "failure to protect service" and "laying off under false pretenses." (*Id.* ¶¶ 19, 21). Bjornson further alleges that the inclusion of the above events in his employment record "creat[ed] a potential for [his] blacklisting." (*Id.* ¶ 21).

---

[1]      The Court refers only to Defendant Soo Line throughout this Report and Recommendation and discusses only those claims asserted against Soo Line, as the Motion to Strike involves only Soo Line's affirmative defenses.

Soo Line answered the amended Complaint on March 16, 2015. (Soo Line's Answer to Pl.'s Am. Compl., "Answer") [Doc. No. 37].[2] In its Answer, Soo Line denies Bjornson's allegations against it and asserts twenty-five affirmative defenses. (*Id.*). In his Motion to Strike, Bjornson asks the Court to strike Affirmative Defenses 12, 14, and 15. (Mot. to Strike at 1); *see also* (Answer at 9).

In Affirmative Defense 12, Soo Line states that Bjornson's "claim is barred, in whole or in part, by operation of 49 U.S.C. § 20109(d)." (Answer at 9). Bjornson contends that Affirmative Defense 12 is unnecessary and redundant because it asserts a statute of limitations defense contained in Affirmative Defense 13. (Pl.'s Mem. of Law in Supp. of Mot. to Strike, "Mem. in Supp.") [Doc. 12 at 4].

In Affirmative Defense 14, Soo Line asserts that Bjornson's "claim is barred by the election of remedies provision codified at 49 U.S.C. § 20109(f)." (Answer at 9). Bjornson contends that this affirmative defense fails as a matter of law and that the Occupational Safety and Health Administration, the Office of Administrative Law Judges, various district courts, and those circuit courts of appeals that have addressed the issue have rejected this defense consistently. (Mem. in Supp. at 4–12). In addition, Bjornson argues that, although no controlling United States Supreme Court or Eighth Circuit decision addressing the election of remedies issue

---

[2]    The Court notes that Bjornson filed his amended Complaint and Soo Line filed its Answer to the amended Complaint after Bjornson filed the Motion to Strike. The amended Complaint adds Bjornson's wife, Sharon Bjornson, as a party and adds a claim against Defendant Glenwood Hospitality, Inc. for loss of consortium. (Compl. ¶¶ 1, 27–29). The amended Complaint does not, however, alter any claims against Soo Line, and Soo Line's Answer to the amended Complaint does not alter the affirmative defenses challenged in the Motion to Strike. *See generally* (Compl.); (Answer at 1–2). Thus, despite the fact that the Motion to Strike was filed and fully briefed before the amended pleadings were filed, the parties' arguments in support of and in opposition to the Motion to Strike apply with equal force to the affirmative defenses in Soo Line's Answer to Bjornson's amended Complaint. The Court therefore treats the Motion to Strike as a motion to strike affirmative defenses in Soo Line's Answer to the amended Complaint and refers only to the page and/or paragraph numbers in the amended pleadings.

exists, the plain meaning of the statute forecloses Soo Line's asserted defense. (Pl.'s Reply Mem. of Law in Supp. of Mot. to Strike, "Reply") [Doc. No. 22 at 4–7].

Finally, in Affirmative Defense 15, Soo Line states that this Court "lacks jurisdiction to hear [Bjornson's] claims and/or [Bjornson] has failed to state a claim due to his failure to comply with the requirements set forth in 29 C.F.R. § 1982.114." (Answer at 9). Bjornson contends that this affirmative defense fails as a matter of law, because any failure to comply with the regulation cannot affect this Court's jurisdiction. (Mem. in Supp. at 13–14); (Reply at 8–10).

With regard to Affirmative Defense 12, Soo Line argues that the defense is not redundant because the defense applies only to Bjornson's FRSA claim and because "the basis of the 20109(d) defense under the FRSA exists beyond just the limitations issues and upon a bare record, [Soo Line] should, at a minimum, be afforded the full opportunity of discovery" for a "full determination" of such issues. (Def.'s Mem. of Law in Opp'n to Pl.'s Mot. to Strike, "Mem. in Opp'n") [Doc. No. 18 at 12 n.5]. With regard to Affirmative Defenses 14 and 15, Soo Line argues that Bjornson "has failed to identify any controlling case law that would preclude the assertion of the challenged defenses, which are based on the plain statutory language of the cited provisions," making the affirmative defenses "legally sufficient and not the proper subject of a motion to strike." (*Id.* at 1).

On March 9, 2015, the Court held a hearing on the Motion to Strike and took the motion under advisement. (Minute Entry Dated Mar. 9, 2015) [Doc. No. 33]. For the reasons described below, the Court recommends granting in part and denying in part Bjornson's Motion to Strike.

## II.      DISCUSSION

### A.      Legal Standard

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." District courts are given broad discretion in deciding whether to grant a motion to strike, but striking a party's pleading is considered "an extreme measure." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

On one hand, a motion to strike a defense will be denied "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (internal quotation marks omitted). On the other hand, "where the defense asserted is 'foreclosed by prior controlling decisions or statutes,'" a court may strike the defense "as legally insufficient." *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (MJD/LIB) (quoting *Holt v. Quality Egg, LLC*, 777 F. Supp. 2d 1160, 1169 (N.D. Iowa 2011)); *see also United States v. Winnebago Tribe of Neb.*, 542 F.2d 1002, 1007 (8th Cir. 1976) (striking a defense as "clearly insufficient" when the defense was contrary to provisions of federal statute). "In that regard, '[t]he motion closely resembles a motion to dismiss in that all well plead allegations in the affirmative defense must be accepted as true and the Court must find that the defense at issue is legally insufficient.'" *Prod. Fabricators*, 873 F. Supp. 2d at 1097 (alteration in original) (quoting *United States v. NHC Health Care Corp.*, No. 00-3128-CV-S-4, 2000 WL 33146581, at *1 (W.D. Mo. Dec. 29, 2000)). A motion to strike under Rule 12(f) is "'the primary procedure for objecting to an insufficient defense.'" *In re RFC and ResCap Liquidating Trust Litig.*, Civ. No. 13-3451 et al.

5

(SRN/JJK/HB), 2015 WL 2451254, at *4 (D. Minn. May 21, 2015) (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 390 (3d ed. 2004)).

### B.   Analysis

#### 1.   Affirmative Defense 12

As noted, in Affirmative Defense 12 Soo Line asserts the following: "Plaintiff's claim is barred, in whole or in part, by operation of 49 U.S.C. § 20109(d)." (Answer at 9). Bjornson asks that the Court strike Affirmative Defense 12 "so as to simplify and streamline the litigation." (Mem. in Supp. at 4). Bjornson argues that Affirmative Defense 12 is unnecessary and redundant because it asserts a statute of limitations defense, which is also asserted in Affirmative Defense 13. (*Id.* at 3–4). Affirmative Defense 13 states that Bjornson's "claims fail, in whole or in part, to the extent barred by the applicable limitations period." (Answer at 9).

Soo Line contends that the two affirmative defenses are not redundant because Affirmative Defense 12 applies only to Bjornson's FRSA claim, while Affirmative Defense 13 applies to his FRSA claim and his FELA claim. (Mem. in Opp'n at 12 n. 5). In addition, Soo argues that while Affirmative Defense 13 relates solely to statute of limitations issues, Affirmative Defense 12 addresses matters beyond the applicable statute of limitations. (*Id.*); *see* 49 U.S.C. § 20109(d).

The Court concludes that Affirmative Defense 12 should not be stricken. Bjornson asserts that Affirmative Defense 12 is redundant because Soo Line, in a meet-and-confer letter, identified both Affirmative Defense 12 and Affirmative Defense 13 as "statutes of limitations defenses." (Mem. in Supp. at 3–4). Bjornson is correct that Affirmative Defense 13 asserts broadly that Bjornson's claims are barred by the applicable statute of limitations and that Affirmative Defense 12 asserts that Bjornson's claim is barred by 49 U.S.C. § 20109(d), which

includes a statute of limitations component. Specifically, the statute of limitations provision in § 20109(d) requires an employee to file an administrative complaint "not later than 180 days after the date on which the alleged [FRSA] violation" occurred. 49 U.S.C. § 20109(d)(2)(A)(ii). As Soo Line noted however, § 20109(d) addresses other matters, including when an employee may pursue an original action in federal district court. 49 U.S.C. § 20109(d)(3) (allowing an employee to "bring an original action at law or equity for de novo review in the appropriate district court of the United States" if the Secretary of Labor fails to issue a decision within 210 days after a complaint was filed and where the delay is not due to the bad faith of the employee).[3] Affirmative Defense 12 is therefore not redundant when compared to Affirmative Defense 13 because Affirmative Defense 12 refers to § 20109(d) generally, which encompasses matters beyond the statute of limitations provision contained therein.

Even if Affirmative Defense 12 were redundant, however, the Court would decline to strike the defense. Where material in the pleadings is objected to as redundant, courts often decline to strike the redundancy in the absence of prejudice to the moving party. *See Collette v. Zenith Dredge Co.*, 11 F.R.D. 594, 595 (D. Minn. 1951) (DFD) ("Motions to strike are not regarded with favor by the [c]ourts and unless prejudice to [the] movant is likely to result, the motion will be denied." (footnote omitted)); *see also Mark Andy, Inc. v. Cartonmaster Int'l (2012), Inc.*, No. 4:14-cv-986, 2014 WL 7140630, at *2 (E.D. Mo. Dec. 12, 2014) (declining to strike a "redundancy . . . in the absence of some prejudice"); 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 at 457–58 (3d ed. 2004) (noting the "generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant"). Bjornson has not argued that allowing both

---

[3] At the motion hearing, both parties referred to this provision as the FRSA's "kick-out" provision.

Affirmative Defense 12 and Affirmative Defense 13 to remain would be prejudicial. *See generally* (Mem. in Supp. at 3–4); (Reply at 1–3). Although Bjornson states that the Court should strike Affirmative Defense 12 in order to "simplify and streamline the litigation," he does not explain how striking Affirmative Defense 12, while allowing the **broader** statute of limitations defense in Affirmative Defense 13 to remain, would simplify or streamline any aspect of this case. *See* (Mem. in Supp. at 4). Thus, even assuming Affirmative Defense 12 is redundant, the Court declines to strike it as Bjornson failed to articulate any prejudice that would result from allowing the affirmative defense to remain. The Court therefore recommends denying Bjornson's Motion to Strike to the extent he moves to strike Affirmative Defense 12.

### 2.    Affirmative Defense 14

In Affirmative Defense 14, Soo Line asserts that Bjornson's "claim is barred by the election of remedies provision codified at 49 U.S.C. § 20109(f)." (Answer at 9). Section 20109(f) states: "An employee may not seek protection under both this section and another provision of law for the same allegedly unlawful act of the railroad carrier." Bjornson asserts that in raising § 20109(f) as an affirmative defense, Soo Line is asserting that "by pursuing his rights under the collective bargaining agreement . . . to file a grievance regarding his suspension, Bjornson has waived his right to allege that the suspension was in violation of his statutory rights under the FRSA." (Mem. in Supp. at 4–5). Bjornson contends that Affirmative Defense 14 must be stricken from Soo Line's Answer because it fails as a matter of law for three reasons. (*Id.* at 5–12).

First, Bjornson contends that "an employee's grievance under a [collective bargaining agreement] does not constitute seeking protection under 'another provision of law' as the term is used in [s]ection 20109(f)," because a collective bargaining agreement is not a "provision of

law." (Mem. in Supp. at 5–7). Second, Bjornson argues that he has not "sought protection under 'another provision of law'" by pursuing his grievance in the manner provided by the Railway Labor Act ("RLA"). (*Id.* at 7). Specifically, Bjornson argues that the RLA does not "create **any** rights." (*Id.*). The RLA provides an employee with a "mechanism" to enforce his rights under a collective bargaining agreement, as opposed to any statutory or common law right. (*Id.*) (citing *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252–53 (1994)). Given the nature of the RLA, Bjornson argues, Bjornson did not "'seek protection' under the RLA by pursuing his internal grievance." (*Id.* at 8). Bjornson further contends that this understanding of the relationship between the RLA and the FRSA's election of remedies provision is supported by FRSA's legislative history and the language of other subdivisions in § 20109. (*Id.* at 9–11).

Finally, Bjornson argues that pursuit of his grievance under the relevant collective bargaining agreement does not trigger the application of § 20109(f)'s election of remedies provision because his grievance does not "concern 'the same allegedly unlawful act'" as Bjornson's FRSA claim. (*Id.* at 11). That is, Bjornson contends that his grievance under the collective bargaining agreement "was based on [Soo Line's] alleged breach . . . of a private collective bargaining agreement," and that "[i]n contrast, [his] FRSA action is based on the railroad's suspension of Bjornson's employment that was, at least allegedly, in violation of a federal statute." (*Id.* at 11). Bjornson therefore argues that his grievance regarding his rights under the collective bargaining agreement and his FRSA claim "target[] different allegedly unlawful acts." (*Id.* at 12).

In response, Soo Line does not contest Bjornson's assertion that it has invoked the election of remedies provision in § 20901(f) based on "Bjornson's pursuit of an appeal under the

[RLA] and applicable collective bargaining agreement."[4] (Mem. in Opp'n at 3). Soo Line argues, however, that the Court should deny Bjornson's request to strike Affirmative Defense 14 because the "scope and reach" of the election of remedies provision presents "a question of law which remains unanswered by controlling precedent within this Circuit and, thus, th[e] defense is legally sufficient." (*Id.*). That is, Soo Line argues that because there is no controlling precedent in the Eighth Circuit on the election of remedies issue presented by Affirmative Defense 14, the defense "'fairly presents a question of law or fact which the court ought to hear'" after development of the record. (*Id.* at 4, 4 n.3) (quoting *Lunsford*, 570 F.2d at 229). In support of this position, Soo Line notes that the circuit courts of appeals that have addressed the election of remedies issue presented here have done so on motions for summary judgment, rather than on motions to strike. (*Id.* at 4 n.3). Soo Line also argues that because § 20109(f) serves to protect an employer from paying multiple damages of the same type to the same plaintiff, it has been

---

[4]      The Court notes that Soo Line's Answer makes reference to the applicable collective bargaining agreement, but does not discuss Bjornson's grievance brought thereunder or his appeal regarding that grievance. *See* (Answer at 5) (stating that an investigation of Bjornson took place "pursuant to the terms of the collective bargaining agreement which governs the terms and conditions of [Bjornson's] employment with Soo Line"). As noted above however, the parties consistently discuss these events in their briefing on the Motion to Strike, and Soo Line does not dispute that it has raised Affirmative Defense 14 based on Bjornson's appeal of his grievance. (Mem. in Opp'n. at 3) ("Through his appeal, Mr. Bjornson seeks protection under another provision of law (the RLA) and as a result his claim is statutorily barred by operation of the plain language of 49 U.S.C. § 20109(f)."); *see also* (*id.*) (arguing that "Mr. Bjornson's pursuit of an appeal under the Railway Labor Act . . . and applicable collective bargaining agreement plainly permit" the assertion of Affirmative Defense 14). While matters outside the pleadings are "[n]ormally . . . not considered on a Rule 12(f) motion," courts "have made exceptions to this general rule, especially where, as here, the outside matters have not been objected to and are undisputed." *In re Hopkins*, No. 7-13-11871 TA, 2014 WL 2337325, at *3 (Bankr. D.N.M. May 29, 2014); *see also Wilkinson v. Feild*, 108 F. Supp. 541, 545 (W.D. Ark. 1952) (considering deposition of defendant on motion to strike "because the attorneys for both plaintiffs and defendant, in their respective briefs, . . . referred to the deposition and to the testimony contained therein"). Because no party objects to the consideration of or disputes facts regarding Bjornson's grievance under the collective bargaining agreement and pursuit of an appeal, the Court considers these matters and, like the parties, understands Affirmative Defense 14 as being premised on Bjornson's use of the grievance process.

"properly asserted in order to protect against possible double recovery by a plaintiff." (*Id.* at 6). Finally, Soo Line contends that Affirmative Defense 14 should not be stricken because Bjornson's arguments "are rooted in the ultimate merits of the election-of-remedies defense, not in the validity or soundness of its assertion." (*Id.*). In essence, Soo Line argues that in light of a lack of controlling authority and without full development of the record, a motion to strike is not the proper vehicle for resolution of the election of remedies issue raised by Affirmative Defense 14. *See* (*id.* at 7).

In reply, Bjornson argues that Affirmative Defense 14 should be stricken, because "a district court is well within its discretion to strike affirmative defenses that have been foreclosed by other circuit courts, even in the absence of a precedential Eighth Circuit decision on point." (Reply at 5). Further, Bjornson argues that Soo Line's argument "fails to account for the second half" of the legal standard on a motion to strike, which allows the court to strike a defense if the defense is foreclosed by statute. (*Id.* at 6–7). Bjornson argues that while his position that Affirmative Defense 14 fails as a matter of law "draws support from decisions" of various circuit and district courts, the basis for his position "is the language of the statute itself." (*Id.* at 7).

The Court concludes that Affirmative Defense 14 is "'foreclosed by . . . statute[]'" and that the defense should therefore be stricken as "as legally insufficient." *Prod. Fabricators*, 873 F. Supp. 2d at 1097 (quoting *Holt*, 777 F. Supp. 2d at 1169). Specifically, the plain language of § 20109(f) forecloses Affirmative Defense 14.[5]

---

[5]     Unlike Bjornson's argument regarding the redundancy of Affirmative Defense 12 where no prejudice is alleged or apparent, "courts have found that where a challenged defense fails as a matter of law . . . , the resources and time expended to counter such a defense constitute per se prejudice." *In re RFC and ResCap*, 2015 WL 2451254, at *4. The Court finds such prejudice here.

"'[A]s with any question of statutory interpretation,'" this Court must "'begin[] its analysis with the plain language of the statute.'" *Hennepin County v. Fed. Nat'l Mortg. Ass'n*, 933 F. Supp. 2d 1173, 1176 (D. Minn. 2013) (DSD/TNL) (quoting *Owner–Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011)). When interpreting a statute, the court gives words their ordinary and common meaning, unless those words are otherwise defined. *Id.* (citing *United States v. Friedrich*, 402 F.3d 842, 845 (8th Cir. 2005)). "Where statutory language is plain, 'the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Contemporary Indus. Corp. v. Frost*, 564 F.3d 981, 985 (8th Cir. 2009) (quoting *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004)).

Turning to the question at hand, § 20109(f) prohibits an employee from "seek[ing] protection under both [the FRSA] and another provision of law for the same allegedly unlawful act of the railroad carrier." In other words, in order for an employee's FRSA claim to be barred by § 20109(f), an employee must "seek protection under" the FRSA and "another provision of law" for the same unlawful conduct of his employer.

The RLA—a federal statute—is plainly "another provision of law." *See* § 20109(f). The Court must therefore consider whether, under § 20109(f)'s plain language, an employee "seeks protection under" the RLA. Ordinarily, to "protect" means "[t]o keep from being damaged, attacked, stolen, or injured" or to "guard." *The American Heritage Dictionary* 1456 (3d ed. 1992). To "seek protection," therefore, generally means to seek to be kept from damage or injury or to seek to be guarded. *See id.* Thus, given the plain language of the statute, an employee "seek[s] protection under" a provision of law only when he relies on it to protect him from damage or injury.

12

The RLA provides that disputes between an employee and carrier that arise out of the parties' collective bargaining agreement first be handled "in the usual manner." 45 U.S.C. § 153 First (i). If the parties do not resolve their dispute through the usual process, the dispute "may be referred by petition of the parties or by either party to the appropriate division of the [National Railroad] Adjustment Board" or other properly established adjustment board. *Id.* § 153 First (i), Second. The RLA therefore establishes **the forum** in which an employee may pursue his rights under a collective bargaining agreement, but does not provide the rights the employee seeks to vindicate. Consequently, when an employee appeals his grievance to an adjustment board, it is not the RLA that the employee relies on for protection from injury. Indeed, an employee cannot rely on the RLA in this manner: the RLA does not protect him against any injury, it merely directs his grievance to a particular forum. It is the collective bargaining agreement that provides the employee with the substantive rights for which he seeks a remedy. Therefore, while an employee may pursue his grievance in the manner provided for by the RLA, he does not "seek protection under" the RLA; what he seeks protection under is the collective bargaining agreement.

Though an employee "seeks protection under" a collective bargaining agreement when he files and appeals his grievance, pursuing one's grievance under a collective bargaining agreement is nonetheless insufficient to trigger the election of remedies provision in § 20109(f). A collective bargaining agreement is a private contract, and a private contract is not ordinarily or commonly understood to be a "provision of law." *See* 17A Am. Jur. 2d *Contracts* § 1 (Westlaw database last updated May 2015) ("A contract is not a law, nor does it make law: it is the agreement plus the law that makes the ordinary contract an enforceable obligation."). Moreover, in ascertaining the plain meaning of a statute, the Court "'do[es] not . . . construe statutory

phrases in isolation'" and must "'look to the particular statutory language at issue, as well as the language and design of the statute as whole.'" *Nordgren v. Burlington N. Ry. Co.*, 101 F.3d 1246, 1250 (8th Cir. 1996) (quoting *Sullivan v. Everhart*, 494 U.S. 83, 89 (1990); *United States v. Morton*, 467 U.S. 822, 828 (1984)). Reading § 20109 as a whole, Congress's ability to address both provisions of law and rights created under contract within the FRSA, when it so intends, is clear. Specifically, in § 20109(h) Congress refers separately to an employee's rights under law and rights under a collective bargaining agreement. 49 U.S.C. § 20109(h) ("Nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any Federal or State law **or** under any collective bargaining agreement." (emphasis added)).

Soo Line appears to recast its argument about the sufficiency of Affirmative Defense 14 by arguing that because § 20109(f) serves to protect an employer from paying multiple damages of the same type to the same plaintiff, it has been "properly asserted in order to protect against possible double recovery by a plaintiff." (Mem. in Opp'n at 6). While the purpose of § 20109(f) may be to protect an employer from paying multiple damages to an employee for the same wrongful conduct, the statute only operates to prevent such double recovery when the plain and unambiguous language of the statute applies. As thoroughly discussed above, under the plain language of the statute, the election of remedies provision in § 20109(f) is not triggered by Bjornson's pursuit of his grievance under the collective bargaining agreement, and Soo Line's attempt to broaden the statute beyond its plain meaning is to no avail.

Soo Line makes much of the fact that there is no Eighth Circuit[6] or United States Supreme Court decision directly addressing the election of remedies issue presented here, but it

---

[6]     Soo Line cites *Kuduk v. BNSF Ry. Co.*, 768 F.3d 786 (8th Cir. 2014), in which the Eighth Circuit declined to adopt the reasoning of the Third Circuit and the approach taken in administrative decisions regarding the type proof a plaintiff must offer to establish a prima facie

is the plain language of the statute that controls in this case and that forecloses Affirmative Defense 14.[7] *See Prod. Fabricators*, 873 F. Supp. 2d at 1097 (quoting *Holt*, 777 F. Supp. 2d at 1169); *see also Winnebago Tribe of Neb.*, 542 F.2d at 1007. In addition, while Soo Line argues that it is inappropriate to strike Affirmative Defense 14 in the absence of "the development of a full record," it offers no suggestion as to how development of the record would alter or aid the Court's statutory interpretation analysis. *See* (Mem. in Supp. at 7) (citing *Lunsford*, 570 F.2d at 228–30).[8]

---

case of retaliation under the FRSA. (Mem. in Supp. at 5). Soo Line states that the fact that "the Eighth Circuit . . . recently departed from prior decisions in other jurisdictions" further demonstrates that Affirmative Defense 14 should not be stricken. (*Id.*). As noted above however, the Court's recommendation is based on the plain language of § 20109(f).

[7]     The Fifth, Sixth, and Seventh Circuit Courts of Appeals have likewise concluded that the plain language of § 20109(f) is dispositive of the election of remedies issue presented here. *Norfolk S. Ry. Co. v. Perez*, 778 F.3d 507, 514 (6th Cir. 2015) (proceeding "no further than the statute's plain language" to determine that employee "did not seek protection under the RLA when he arbitrated his grievance" and that "the arbitration did not trigger the FRSA's election-of-remedies provision in 20109(f)"); *Grimes v. BNSF Ry. Co.*, 746 F.3d 184, 191 (5th Cir. 2014) ("The plain meaning of the statute therefore tells us that [a railway employee] is not precluded from obtaining relief under FRSA simply because he appealed his grievance . . . ." (internal quotation marks omitted)); *Reed v. Norfolk S. Ry. Co.*, 740 F.3d 420, 423–25 (7th Cir. 2014) (concluding that, giving language in § 20109(f) its plain meaning, railway employee did not "seek protection under the [RLA]").

[8]     In this regard, the Court finds Soo Line's reliance on *Lunsford* unpersuasive. *See* (Mem. in Opp'n at 6–7). In *Lunsford v. United States*, the Eighth Circuit considered a motion to strike the government's affirmative defense of immunity under the Flood Control Act of 1928. 570 F.2d at 223. The court noted two lines of reasoning regarding the scope of immunity provided by the statute, one of which interpreted the immunity provision broadly and one of which held that the immunity provision was limited to "instances when the damage resulted from negligence with respect to a flood control project." *Id.* at 228–29. The court affirmed the denial of the motion to strike, concluding that "the defense should remain" regardless of which line of reasoning was followed: if the first line of reasoning were adopted, the immunity provision would be given broad application such that "the defense [would be] sufficient as a matter of law." *Id.* at 229. If the second line of reasoning were followed, "then a factual determination of whether . . . the damages resulted from negligence attributable to a flood control project" would be required to establish the defense. *Id.* Thus, in *Lunsford*, the defense was either sufficient as a matter of law or required development of the factual record. *See id.* Here, the parties do not dispute that Soo Line raises Affirmative Defense 14 as a bar to Bjornson's FRSA claim based on Bjornson's appeal of a grievance under the collective bargaining agreement in accordance with

In sum, the Court concludes that Affirmative Defense 14 is legally insufficient because Bjornson did not "seek protection under" the RLA and because a collective bargaining agreement is not "another provision of law."[9] *See* § 20109(f). Accordingly, the Court recommends granting Bjornson's Motion to Strike with respect to Affirmative Defense 14.

### 3.        Affirmative Defense 15

In Affirmative Defense 15, Soo Line states that this Court "lacks jurisdiction to hear [Bjornson's] claims and/or [Bjornson] has failed to state a claim due to his failure to comply with the requirements set forth in 29 C.F.R. § 1982.114." (Answer at 9). Section 1982.114, promulgated by the Department of Labor, is titled "District Court jurisdiction of retaliation complaints." Part (b) of the regulation provides that

> [f]ifteen days in advance of filing a complaint in Federal court, a complainant must file with the Assistant Secretary, the ALJ, or the ARB, depending upon where the proceeding is pending, a notice of his or her intention to file such complaint. The notice must be served on all parties to the proceeding.

29 C.F.R. § 1982.114(b). Bjornson does not dispute that he did not provide this fifteen-day notice, but argues that "this fact is of no consequence to this action." (Mem. in Supp. at 13); *see also* (Compl. ¶ 5) (stating that "only 9 days passed between . . . Bjornson filing" a notice under § 1982.114(b) and [the] "filing [of] the original complaint in this case"). Specifically, Bjornson argues that the statute interpreted by the regulation, 49 U.S.C. § 20109(d)(3), "does not contain

---

the RLA. Soo Line's position that § 20109(f) is triggered by Bjornson's appeal of his grievance is insufficient legally and no further development of the record is necessary.

[9]        The Court concludes that Affirmative Defense 14 is legally insufficient because Bjornson did not seek protection under the RLA and because a collective bargaining agreement is not another provision of law. The Court therefore need not address Bjornson's argument that Affirmative Defense 14 is also legally insufficient because pursuit of relief through a grievance process does not "concern 'the same allegedly unlawful act'" as an FRSA claim. (Mem. in Supp. at 11); *see also* § 20109(f). In addition, because the Court concludes that Affirmative Defense 14 is foreclosed by the plain language of § 20109(f), the Court need not address Bjornson's argument that the decisions of other circuit courts of appeals can be relied on as controlling for purposes of a motion to strike. *See* (Reply at 5).

any advance notice requirement" and gives a federal court subject-matter jurisdiction "210 days after the administrative complaint is filed absent a final decision from the Secretary of Labor, assuming that the delay is not due to the complainant acting in bad faith." (Mem. in Supp. at 13). Given the language of the statute, Bjornson argues that "the Department of Labor cannot, through regulation, limit the jurisdiction" of the federal courts. (*Id.*). That is, Bjornson contends that "failure to provide the Department of Labor with the notice articulated in 29 C.F.R. § 1982.114 does not pose a jurisdictional question" and that Affirmative Defense 15 should therefore be stricken as "legally insufficient." (*Id.* at 14–15).

In response, Soo Line notes that it is undisputed that Bjornson did not provide the fifteen-day notice and argues that Affirmative Defense 15 is therefore based on "the plain language of the regulation and on the undisputed facts." (Mem. in Opp'n at 8). In addition, Soo Line argues that the cases Bjornson relies on in arguing that Affirmative Defense 15 is legally insufficient are not controlling and, in some instances, address a plaintiff's failure to comply with regulations other than § 1982.114(b). (*Id.* at 8–10). Finally, Soo Line notes that Bjornson's arguments are directed at the portion of Affirmative Defense 15 that asserts a lack of jurisdiction based on Bjornson's failure to comply with § 1982.114(b), but do not address Soo Line's assertion in the same affirmative defense that Bjornson fails to state a claim for "failing to comply with the plain notice requirements under the federal regulation[]." (*Id.* at 10).

In reply, Bjornson argues that the Eighth Circuit's decision in *Dico, Inc. v. Diamond*, 35 F.3d 348 (8th Cir. 1994), in which the court relied on *Adams Fruit Co. v. Barrett*, 494 U.S. 638 (1990), provides controlling authority for the principle that an agency cannot, by regulation, limit a federal court's jurisdiction to hear a private right of action as established by Congress. *See* (Reply at 9–10).

17

To the extent Soo Line asserts in Affirmative Defense 15 that this Court lacks jurisdiction over Bjornson's FRSA claim due to his failure to comply strictly with the notice requirement set forth in 29 C.F.R. § 1982.114(b), the Court concludes that Affirmative Defense 15 is legally insufficient and should be stricken.[10]

Soo Line is correct that the cases Bjornson cites in which courts have specifically held that § 1982.114(b)'s fifteen-day notice provision does not limit a federal court's jurisdiction are not binding, in that those cases come from outside the Eighth Circuit or are from a "court[] of equal rank." *See Mueller v. Allen*, 514 F. Supp. 998, 1001 (D. Minn. 1981) (RGR) ("[A] court's decision is not binding upon courts of equal rank."); *see also* (Mem. in Supp. at 13–14) (citing *Gunderson v. BNSF Ry. Co.*, 29 F. Supp. 3d 1259 (D. Minn. 2014) (PJS/JJG); *Glista v. Norfolk S. Ry. Co.*, Civil Action No. 13-04668, 2014 WL 1123374 (E.D. Pa. Mar. 21, 2014); *Pfeifer v. Union Pac. R.R. Co.*, No 12-cv-2485-JAR-JPO, 2013 WL 1367054 (D. Kan. Apr. 3, 2013)).

In *Dico, Inc. v. Diamond*, however, the Eighth Circuit declined to give deference to an agency interpretation where Congress "create[d] a private right of action" and "explicitly establish[ed] the judiciary as adjudicator of the right of the parties." 35 F.3d at 352. In reaching its conclusion, the court stated that "[w]here the executive is not charged with administering the particular statute at issue, its interpretation should not be afforded the deference specified in

---

[10]     While Affirmative Defense 15 refers broadly to "the requirements set forth in 29 C.F.R. § 1982.114," both Bjornson and Soo Line treat the defense as one that is based on Bjornson's failure to comply with the fifteen-day notice provision in § 1982.114(b) (a failure that Bjornson concedes in his amended Complaint), and not any alleged failure by Bjornson to comply with § 1982.114(a), which simply repeats, almost verbatim, the statutory language in § 20109(d)(3). *See* (Answer at 9); *see also* (Mem. in Supp. at 12–15) (discussing only fifteen-day notice aspect of § 1982.114); (Mem. in Opp'n at 8) (citing fifteen-day notice provision in § 1981.114(b) as the "pertinent part" of the regulation); (Reply at 8). Consistent with the parties' understanding of Affirmative Defense 15, the Court understands Affirmative Defense 15 to be based only on Bjornson's failure to comply with the fifteen-day notice provision in  § 1982.114(b). The Court does not address § 1982.114(a), which merely repeats the requirements set forth in the relevant statute.

*Chevron*." *Id.* at 351. The court then went on to examine whether the statutory language permitted the plaintiff to pursue its action. *Id.* at 352–53.

*Dico* did not address 49 U.S.C. § 20109 and 29 C.F.R. § 1982.114(b). But applying the rule of law articulated in *Dico* to the statute and regulation in this case demonstrates that, to the extent Soo Line asserts in Affirmative Defense 15 that this Court lacks jurisdiction over Bjornson's FRSA claim due to his failure to provide the fifteen-day notice set forth in 29 C.F.R. § 1982.114(b), the defense is legally insufficient. *See Prod. Fabricators*, 873 F. Supp. 2d at 1098 (looking to Eighth Circuit case law regarding statute that "included language very similar to the language" in the statute at issue and finding Eighth Circuit's holding "equally applicable to the present case" when striking an affirmative defense as insufficient as a matter of law).

The statutory provision relevant to the Court's evaluation of Affirmative Defense 15 is 49 U.S.C. § 20109(d), which sets forth the FRSA's enforcement provisions. An employee alleging "discharge, discipline, or other discrimination in violation" of the FRSA "may seek relief . . . with any petition or other request for relief under this section to be initiated by filing a complaint with the Secretary of Labor." § 20109(d)(1). While the statute requires an aggrieved employee to begin by pursuing relief through an administrative process, "[u]nder certain circumstances, . . . employees have the right to abandon the administrative process and file an original action in federal district court." *Gunderson*, 29 F. Supp. 3d at 1260. Specifically,

> if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

§ 20109(d)(3). As noted above, the regulation interpreting this provision and at issue here requires fifteen days' notice to the Department of Labor of an employee's intent to file a complaint in federal court. 29 C.F.R. § 1982.114(b).

The plain language of 49 U.S.C. § 20109(d)(3) provides for federal court jurisdiction over an FRSA claim where: (1) the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and (2) the delay is not due to the employee's bad faith. § 20109(d)(3). The statute does not require an employee to provide any type of notice of his intent to bring an action in federal court. *See id.* Despite the plain language of the statute, Soo Line urges reliance on the Department of Labor's interpretation of § 20109(d)(3) in § 1982.114(b). Deference to this regulation, however, is inappropriate under *Dico*.

Just as in *Dico*, a plain reading of § 20109(d)(3) demonstrates that Congress "explicitly establishe[d] the judiciary as adjudicator of the rights of the parties" under the FRSA. *See Dico*, 35 F.3d at 352; *see also* § 20109(d)(3) (permitting an employee to "bring an **original action** at law or equity for **de novo review** in the appropriate district court of the United States" (emphasis added)). And "while Congress granted the executive branch most of the responsibility for administering" the FRSA, § 20109(d)(3) establishes and delineates a federal court's power to hear an FRSA claim, making the provision one that is administered by the courts rather than an administrative agency. *See Dico*, 35 F.3d at 351; *see also* § 20109(d)(3); *Austerman v. Behne, Inc.*, Civil No. 10–4502 (JRT/FLN), 2011 WL 1598419, at *3 (D. Minn. Apr. 7, 2011), *report and recommendation adopted by* 2011 WL 1598377 (Apr. 28, 2011) (evaluating defendant's jurisdictional challenge based on bad faith under analogous provision of the Surface Transportation Act). As a result, the Court owes no deference to the Department of Labor's interpretation of § 20109(d)(3). *See Dico*, 35 F.3d at 352. Owing no deference to the

interpretation set forth in § 1982.114(b), and considering the plain statutory language in § 20109(d)(3), the Court concludes that Bjornson's failure to provide fifteen days' notice to the Department of Labor does not, as a matter of law, deprive the Court of jurisdiction.[11] The Court therefore concludes that Affirmative Defense Number 15 fails as a matter of law and should be stricken to the extent Soo Line asserts lack of jurisdiction.[12]

---

[11]     This application of the rule of law in *Dico* is consistent not only with *Dico* but with the decisions of many other courts and other judges in this District. *See Gunderson*, 29 F. Supp. 3d at 1260 n.2 ("The Department of Labor's regulations require a complainant to notify the Secretary at least 15 days before filing a complaint in federal court. 29 C.F.R. § 1982.114(b). The Court agrees with other courts, however, that an employee's failure to give the 15 days' notice does not deprive the court of jurisdiction."); *Austerman*, 2011 WL 1598419, at *3 ("Federal courts administer statutes granting federal jurisdiction and agency interpretations are irrelevant. It is inappropriate to consult an executive interpretation of a statute conferring jurisdiction on a federal court." (citations omitted)); *see also City of Arlington, Tex. v. Fed. Communications Comm'n*, 133 S. Ct. 1863, 1871 n.3 (2013) ("*Adams Fruit* stands for the modest proposition that the Judiciary, not any executive agency, determines 'the scope . . . of judicial power vested by' statutes establishing private rights of action."). The Court notes that Bjornson has discussed *Adams Fruit* in his Reply, a Supreme Court case cited by the Eighth Circuit in *Dico*. (Reply at 9–10). The Court relies on *Dico* rather than *Adams Fruit*, however, because the relevant portions of *Adams Fruit* appear to be dicta, while the relevant analysis in *Dico* is not. *See Dico*, 35 F.3d at 351–53.

[12]     The Court concludes that Affirmative Defense 15 should be stricken to the extent Soo Line asserts that the Court lacks jurisdiction based on Bjornson's failure to comply with § 1982.114(b), but not to the extent Soo Line asserts that Bjornson has failed to state a claim based on the same failure. While the Court has serious doubts about the viability of this affirmative defense in light of the above discussion, Bjornson has only made arguments with respect to the jurisdictional issue raised in Affirmative Defense 15. *See, e.g.*, (Mem. in Supp. at 13) ("And the Department of Labor cannot, through regulation, limit the jurisdiction of an Article III Court."); (*id.* at 14–15) ("The Courts, including the District of Minnesota, have explicitly rejected the argument that the 15-day notice requirement of 29 C.F.R. § 1982.114 is in any way a prerequisite for Article III Federal Court jurisdiction over an FRSA claim. Bjornson therefore respectfully asks this Court to grant his motion to strike Affirmative Defense No. 15 as legally insufficient."); *see also* (Reply at 8) (addressing Soo Line's "theory that compliance with the regulation deprives this court of jurisdiction"). Because Bjornson failed to address with any specificity the "failure to state a claim" aspect of Affirmative Defense 15 in his briefing, the Court finds it inappropriate to strike this portion of the defense. This should not preclude Bjornson from challenging the "failure to state a claim" aspect of Affirmative Defense 15 at another stage in this litigation.

       In addition, the Court notes that on page one of his Memorandum in Support, Bjornson states that the three affirmative defenses challenged in the Motion to Strike "cannot be

### 4.      Conclusion

In sum, the Court concludes that Bjornson's Motion to Strike should be denied in part and granted in part. Specifically, the Court concludes that the motion should be denied to the extent Bjornson seeks to strike Affirmative Defense 12 because Bjornson has not established redundancy or prejudice that would result from permitting the allegedly redundant material to remain. The Court concludes, however, that the motion should be granted to the extent Bjornson seeks to strike Affirmative Defense 14 and Affirmative Defense 15 as it relates to jurisdiction, as these affirmative defenses are legally insufficient.

## III.    RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Lonnie Bjornson's Rule 12(f) Motion to Strike Certain Affirmative Defenses in Defendant Soo Line Railroad Company's Answer [Doc. No. 10] be **GRANTED in part and DENIED in part** as described above.

Dated: June 15, 2015

 *s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a

---

established by plausible facts in the railroad's pleading." Bjornson does not develop this argument anywhere in his Memorandum in Support, and the Court therefore does not address it.

copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.