| | |
|---|---|
| LONNIE BJORNSON and SHARON BJORNSON, | Civil No. 14-4596 (JRT/SER) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| SOO LINE RAILROAD CO., *a Minnesota corporation d/b/a Canadian Pacific Railway*, and GLENWOOD HOSPITALITY, INC., *a Minnesota corporation d/b/a Scottwood Motel*, | |
| Defendants. | |

Louis Edward Jungbauer, **YAEGER & JUNGBAUER BARRISTERS PLC**, 2550 University Avenue West, St. Paul, MN 55114, and Christopher W. Bowman, **YAEGER & JUNGBAUER BARRISTERS PLC**, 4601 Weston Woods Way, St. Paul, MN 55127, for plaintiff.

Steven J. Erffmeyer and Kimberly L. Johnson, **ARTHUR, CHAPMAN, KETTERING, SMETAK & PIKALA, PA**, 81 South Ninth Street, Suite 500, Minneapolis, MN 55402, and Tracey Holmes Donesky and Margaret M. Bauer Reyes, **STINSON LEONARD STREET LLP**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for defendant Soo Line Railroad Company.

Deborah C. Eckland, **GOETZ & ECKLAND PA**, 615 First Avenue N.E., Suite 425, Minneapolis, MN 55413, and Scott R. Johnson, **GOETZ & ECKLAND PA**, 43 Main Street S.E., Suite 505, Minneapolis, MN 55414, for defendant Glenwood Hospitality, Inc.

This is a negligence action brought by Lonnie and Sharon Bjornson against his employer Soo Line Railroad Company ("CP") and Glenwood Hospitality, Inc.

("Scottwood Motel"), after he slipped and fell in a bathtub at the Scottwood Motel in Glenwood, Minnesota. In response to Bjornson's complaint, CP asserted several affirmative defenses. Lonnie Bjornson[1] moved to strike CP's Affirmative Defense 12, Affirmative Defense 14, and Affirmative Defense 15. On June 15, 2015, United States Magistrate Judge Steven E. Rau issued a Report and Recommendation ("R&R") recommending that the Court deny Bjornson's motion to strike Affirmative Defense 12 but grant the motion to strike Affirmative Defense 14 and Affirmative Defense 15.

This matter is now before the Court on CP's objections to the R&R. Specifically, CP objects to the Magistrate Judge's recommendation that this Court grant Bjornson's motion to strike Affirmative Defense 14. The Court has reviewed *de novo* the portions of the R&R to which CP objects. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2). Because the Court concludes that neither the Railroad Labor Act ("RLA") nor Bjornson's collective bargaining agreement ("CBA") trigger the election of remedies provision of the Federal Railroad Safety Act ("FRSA"), the Court will overrule CP's objections and adopt the R&R.

**BACKGROUND**

On November 3, 2011, Lonnie Bjornson slipped and fell in a bathtub in the Scottwood Motel while on work-related travel for his employer, CP. (Am. Compl. ¶¶ 1,

---

[1] The Motion to Strike Certain Affirmative Defenses in Defendant Soo Line Railroad Company's Answer [Docket No.10] was filed prior to the filing of the amended complaint [Docket No. 32] in which Sharon Bjornson was added as a plaintiff. As a result, the Report and Recommendation at issue, and this Order, refer only to Lonnie as the plaintiff.

8, Feb. 27, 2015, Docket No. 32.) Afterward, Bjornson noticed that several protective slip-proof strips were missing from the bottom of the bathtub. (*Id.* ¶ 9.) He alleges that he sustained injuries to his back, neck, right arm, and right shoulder in the fall, causing him to miss two months of work. (*Id.* at ¶¶ 11, 14.) His injuries lingered for two years, requiring continued medical treatment and chiropractic therapy to address his pain. (*Id.* ¶¶ 14-15.)

On September 29, 2013, Bjornson attempted to contact his managers at CP to obtain approval for leave from work so that he could attend a doctor's appointment related to his November 2011 injury. (*Id.* ¶ 15.) Bjornson alleges that he made multiple attempts to contact management about his request for time off, but no one answered the phone and he was unable to communicate his request in time to provide sufficient notice to take leave. (*Id.* ¶¶ 15-16.) When he finally reached his managers, they denied his leave request. (*Id.* ¶ 16.) In order to keep his doctor's appointment, Bjornson took a sick day even though he was denied his request for a personal day. (*Id.*) CP then investigated him for "laying off under false pretenses" and "failure to protect service." (*Id.* ¶ 17.) Following the investigation, CP placed a reporting violation on Bjornson's record and gave him a five-day suspension. (*Id.* ¶ 21.) CP recorded the investigation, reporting violation, and suspension on Bjornson's record, allegedly "creating a potential for blacklisting." (*Id.*)

In response, Bjornson filed a grievance for a violation of the CBA, but his grievance was unsuccessful. (Mem. in Supp. of Mot. to Strike at 4-5, Dec. 17, 2014, Docket No. 12.) Under the RLA, a railroad employee may appeal an adverse CBA

determination to the National Railroad Adjustment Board for review. 45 U.S.C. § 153. Bjornson appealed his grievance determination pursuant to the RLA, and his appeal was denied. (Decl. of Christopher W. Bowman in Supp. of Pl.'s Mot. to Strike Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f), Ex. B (letter from defense counsel to plaintiffs' counsel) at 6, Dec. 17, 2014, Docket No. 13.)

He also filed this action against CP, alleging that they violated the FRSA by reprimanding him for seeking time off to receive medical treatment for injuries suffered on the job, which is a protected activity. (Am. Compl. ¶¶ 18-21); *see also* 49 U.S.C. § 20109(a)(4). Additionally, Bjornson asserts that the injuries he suffered are the result of his employer's negligence for failing to provide a safe work environment as required by the Federal Employers Liability Act ("FELA"). (Am. Compl. ¶¶ 10-11.) Bjornson also names as a defendant Scottwood Motel, for negligence in failing to provide safe accommodations. (*Id.* ¶¶ 25-26.)

In its answer to Bjornson's amended complaint, CP asserts twenty-five affirmative defenses. (CP's Answer to Pl.'s Am. Compl. ("Answer") at 7-10, Mar. 16, 2015, Docket No. 37.) Bjornson moves to strike three affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f)[2]: (1) Affirmative Defense 12 states that "Plaintiff's claim is barred, in whole or in part, by operation of 49 U.S.C. § 20109(d)"; (2) Affirmative Defense 14 asserts that "Plaintiff's claim is barred by the election of remedies provision codified at

---

[2] Bjornson's motion to strike was filed on December 17, 2014, in response to CP's answer to his original complaint. (Mot. to Strike Certain Affirmative Defenses, Dec. 17, 2014, Docket No. 10.) Because Affirmative Defenses 12, 14, and 15 are also asserted with identical wording in CP's answer to Bjornson's amended complaint, (Answer at 10), the Court will treat Bjornson's motion as challenging the answer to the amended complaint.

49 U.S.C. § 20109(f)"; and (3) Affirmative Defense 15 asserts that "[t]his court lacks jurisdiction to hear Plaintiff's claims and/or Plaintiff has failed to state a claim due to his failure to comply with the requirements set forth in 29 C.F.R. § 1982.114." (Mot. to Strike Certain Affirmative Defenses at 9, Dec. 17, 2014, Docket No. 10.)

On June 15, 2015, United States Magistrate Judge Steven E. Rau issued an R&R recommending denial of the motion to strike Affirmative Defense 12. (R&R at 6-8, 22, June 15, 2015, Docket No. 43.) The Magistrate Judge recommended granting the motion to strike Affirmative Defenses 14 and 15. (*Id.* at 8-22.) CP timely objected to the portion of the R&R evaluating Affirmative Defense 14. (Def.'s Objections to Portions of the Magistrate's R&R ("Objections") at 4, June 29, 2015, Docket No. 44.) This matter is now before the Court on CP's objections.

## ANALYSIS

**I. STANDARD OF REVIEW**

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but

merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See, e.g.*, *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II.  RULE 12(f) MOTION TO STRIKE AFFIRMATIVE DEFENSE 14

CP objects to the R&R's recommendation to strike Affirmative Defense 14. In Affirmative Defense 14, CP asserts that Bjornson's grievance appeal under the RLA and the election of remedies provision of the FRSA combine to prevent him from alleging a violation of the FRSA in this action. 49 U.S.C. § 20109(f). In other words, CP argues that Bjornson is barred from seeking relief in federal court on a claim he already raised under the RLA. Further, CP insists that there is no controlling case law from the Eighth Circuit on the FRSA election of remedies provision in this context, and the Court should not strike Affirmative Defense 14 because it "fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court enjoys "liberal discretion" under this rule. *Stanbury Law Firm, P.A. v. I.R.S..*, 221 F.3d 1059, 1063 (8th Cir. 2000). Notably,

"striking a party's pleadings is an extreme measure," and motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted." *Id.* A motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 830 (D. Minn. 2010). A court may strike a defense as legally insufficient if the defense asserted is "foreclosed by prior controlling decisions or statutes." *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (quoting *Holt v. Quality Egg, LLC*, 777 F. Supp. 2d 1160, 1169 (N.D. Iowa 2011)). Accordingly, if there are no controlling decisions or statutes on point, a defense will not be stricken as legally insufficient.

## A. Prior Controlling Decisions

The first question the Court must address is whether prior controlling decisions determine that Affirmative Defense 14 is legally insufficient. Affirmative Defense 14 is based on the election of remedies provision in the FRSA. The election of remedies provision states that "[a]n employee may not seek protection under both this section and **another provision of law** for the same allegedly unlawful act of the railroad carrier." 49 U.S.C. § 20109(f) (emphasis added). CP maintains that Bjornson's appeal under the RLA was an instance of seeking protection under another provision of law for the same allegedly unlawful act by CP. CP argues that, as a result, the Court may not strike Affirmative Defense 14 in the absence of prior controlling decisions holding that the RLA is not "another provision of law" in the context of the FRSA. *Id.* CP observes that

the Eighth Circuit has not yet ruled on the question of whether a FRSA action is barred by a prior RLA appeal. As a result, CP maintains that the Court must allow the affirmative defense to proceed.

An evaluation of this issue requires an understanding of the function of the RLA. The RLA puts in place procedures for railroad employees to resolve disputes arising from CBAs. For example, it "requires that disputes growing out of collective bargaining agreements initially be handled through the rail carrier's internal processes, but if those processes fail either party has the right to appeal to the National Railroad Adjustment Board." *Reed v. Norfolk S. Ry. Co.*, 740 F.3d 420, 422 (7th Cir. 2014) (describing 45 U.S.C. § 153). The RLA is a procedural mechanism; it does not create substantive protections for railroad employees. Rather, it is "the law which gives legal and binding effect to collective agreements" so that employees may rely on the substantive terms of those agreements for protection. *Norfolk & W. Ry. Co. v. Am. Train Dispatchers Ass'n*, 499 U.S. 117, 132 (1991) (internal quotation marks omitted).

Although the Eighth Circuit has not evaluated the RLA under the FRSA election of remedies provision, several other Circuit courts have addressed the issue and found an RLA grievance appeal insufficient to preclude a later FRSA claim on the same conduct. In particular, the Seventh Circuit has concluded that the RLA is not "another provision of law" **for FRSA purposes** because it creates no substantive rights; instead, the underlying CBAs are the contracts offering protections to claimants. *See Reed*, 740 F.3d at 422-26. Similarly, the Fifth and Sixth Circuits have acknowledged that the RLA is a provision of law but found that the election of remedies provision in the FRSA does not operate to bar

claims where there has been an RLA arbitration, because "[a] railroad employee does not 'seek protection' under the RLA within the plain meaning of § 20109(f) by invoking RLA-mandated arbitration when pursuing a grievance under a collective bargaining agreement." *Norfolk S. Ry. Co. v. Perez*, 778 F.3d 507, 512 (6th Cir. 2015); *see also Grimes v. BNSF Ry. Co.*, 746 F.3d 184, 191 (5th Cir. 2014).

CP maintains that these out-of-Circuit decisions are not adequate to sustain a motion to strike, because the Eighth Circuit would be free to disagree with the other Circuits. CP is correct on this point. Decisions from other Circuits are persuasive authority but do not bind this Court. Thus, the Court finds that there are no prior controlling decisions that would support striking Affirmative Defense 14 as legally insufficient.

### B. Election of Remedies Provision

Even if there are no "prior controlling decisions," however, Rule 12(f) may also be invoked to strike an affirmative defense that is "foreclosed by . . . statutes." *Prod. Fabricators*, 873 F. Supp. 2d at 1097. CP's assessment of the Rule 12(f) application to this context too narrowly focuses on the existence or absence of prior case law and neglects to address the statutory aspect. The Court's Rule 12(f) analysis does not begin and end with the existence of on-point Eighth Circuit case law. Rather, a motion to strike may be brought and granted, even in the absence of binding on-point precedent, if statutory language forecloses the affirmative defense. As a result, the Court must next

examine whether the election of remedies provision applies in this case or whether, by its plain language, the FRSA forecloses Affirmative Defense 14.

The FRSA election of remedies provision will apply only if Bjornson availed himself of "another provision of law for the same allegedly unlawful act of the railroad carrier." 49 U.S.C. § 20109(f). CP argues that the RLA is "another provision of law" under the FRSA election of remedies provision, so Bjornson's decision to seek protection under the RLA by filing a grievance appeal precludes his current action. Bjornson, on the other hand, maintains that the RLA simply offers a vehicle for seeking protection under a CBA, and because a CBA is not "another provision of law" but rather a contract, the RLA appeal has no bearing on his FRSA claim.

As explained above, the RLA offers no independent substantive protections for railroad employees. It merely establishes the procedures by which those employees may attempt to enforce their collective bargaining agreement rights. The RLA "directs a claimant to appeal to a particular arbitral forum." *Reed*, 740 F.3d at 424.

As a statute created by an act of Congress, the RLA is unquestionably a "law," but whether it is "another provision of law" under which claimants may seek protection for FRSA purposes is another matter. The Court finds persuasive the explanations of the Sixth and Seventh Circuits that "an employee 'seeks protection' under a statute only if he seeks to use it as a shelter – that is, only if the statute is the source of the substantive remedy for the harm that the employee is attempting to avert." *Perez*, 778 F.3d at 513; *Reed*, 740 F.3d at 424-25 ("It is obvious what it means to seek protection under FRSA: to bring a claim founded on one of the statute's substantive protections."). Because the

RLA offers no substantive remedies a railroad employee might attempt to use for shelter, it is impossible for an employee to "seek protection under" the RLA as "another provision of law for the same allegedly unlawful act of the railroad carrier." 49 U.S.C. § 20109(f). Instead, it is the underlying railroad employee CBAs that provide the substantive protection.

Although a railroad employee may seek protection under a CBA through the RLA, a CBA is unequivocally not "another provision of law," because it arises "out of a private agreement rather than a federal or state statute." *Reed*, 740 F.3d at 422. Put differently, "a CBA is a **contract**, not a law or rule or regulation." *McKeown v. Verizon N.J. Inc.*, No. 12-5080, 2012 WL 5504866, at *3 (D.N.J. Nov. 8, 2012). Because a CBA is a private agreement and not a law, it cannot satisfy the election of remedies provision of the FRSA.

In sum, even though there is no Eighth Circuit case law directly addressing this issue, the Court concludes that Affirmative Defense 14 is foreclosed by statute. *See Prod. Fabricators*, 873 F. Supp. 2d at 1097. The RLA – although it is "another provision of law" – is not a law under which railroad employees may "seek protection," and CBAs – under which employees "seek protection" – are not provisions of law. Thus, neither the RLA nor a CBA meets the criteria under the FRSA election of remedies provision to prohibit a substantive FRSA claim. Because CP's Affirmative Defense 14 is based on Bjornson's appeal of a CBA determination under the RLA and nothing more, the Court concludes that Affirmative Defense 14 is foreclosed by statute because the FRSA election of remedies provision is not triggered by Bjornson's prior actions. Accordingly, the

Court will overrule CP's objections and affirm the R&R, granting Bjornson's motion to strike Affirmative Defense 14.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** defendant Soo Line's objections [Docket No. 44] and **ADOPTS** and the Magistrate Judge's R&R [Docket No. 43]. **IT IS HEREBY ORDERED that** plaintiff's Rule 12(f) Motion to Strike Certain Affirmative Defenses in Defendant Soo Line Railroad Company's Answer [Docket No. 10] is **GRANTED in part** and **DENIED in part** as described in the Report and Recommendation.

DATED: August 24, 2015            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.           JOHN R. TUNHEIM
                                                        Chief Judge
                                        United States District Court